Filed 8/5/24  P.v. Acevedo CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>JUAN ANGEL ACEVEDO,<br><br>　　　Defendant and Appellant. | F087347<br><br>(Super. Ct. No. BF185598A)<br><br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  J. Eric Bradshaw, Judge.

Rex A. Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Poochigian, Acting P. J., Snauffer, J. and De Santos, J.

## STATEMENT OF APPEALABILITY

This appeal is from a judgment of conviction following a guilty plea. It is authorized by Penal Code section 1237.5.[1]

## STATEMENT OF THE CASE

Juan Angel Acevedo was charged in an information with premeditated murder (§ 187, subd. (a); count 1), unlawful possession of a firearm (§ 29800, subd. (a)(1; count 2), and unlawful possession of ammunition (§ 30305, subd. (a)(1); count 3). It was further alleged as to count 1 Acevedo personally discharged a firearm and caused injury or death (§ 12022.53, subd. (d)), and it was also alleged Acevedo had suffered a prior conviction within the meaning of the Three Strikes law (§§ 667, subds. (c)–(j), 1170.12, subds. (a)–(e)) and a prior serious felony conviction (§ 667, subd. (a)).

Under a plea agreement, Acevedo pleaded no contest to an amended count 4, voluntary manslaughter (§ 192, subd. (a)), admitted he personally used a firearm in the commission of the offense (§ 12022.5, subd. (a)), and had suffered a prior strike conviction (§ 667, subds. (b)–(i)). Acevedo also admitted to aggravating sentencing factors. The remaining counts and enhancement allegations were stricken as part of the plea agreement, and another case also was dismissed. The agreement provided for a stipulated sentence of 32 years in prison.

On November 2, 2023, the court sentenced Acevedo pursuant to the plea agreement. The court also imposed fines and fees.

## STATEMENT OF FACTS

The following facts are drawn from the preliminary hearing transcript, which Acevedo stipulated to as a factual basis for his plea.

On May 13, 2021, a Kern County Sheriff's deputy was dispatched to a residence in Lake Isabella after a shots fired call. He spoke with a woman who lived there, D. D.

---

[1] Undesignated statutory references are to the Penal Code.

2.

said Timothy Aulston was dead and that Acevedo had shot him. She told a deputy that Aulston and Acevedo had an argument after Aulston demanded fentanyl from Acevedo, and when Aulston challenged Acevedo to a fight, Acevedo shot him. Aulston was lying face down, dead, at the bottom of the steps to the residence. Another witness told a deputy he had heard five shots. Shell casings were found on the ground. Acevedo later told an investigator he shot Aulston multiple times after Aulston punched him, and then Acevedo fled the scene.

## APPELLATE COURT REVIEW

Acevedo's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) The opening brief also includes the declaration of appellate counsel stating that counsel advised Acevedo he could file his own brief with this court.

By letter, we invited Acevedo to submit additional briefing. Acevedo submitted a letter to us which contains a narrative of the crime, commentary about his relationship with his trial counsel, and a plea that this court review his case and help him. He says he wants to go to trial on his case. However, his letter raises no legal issues.

Having undertaken an examination of the entire record, including the transcript of Acevedo's *Marsden*[2] hearing, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to Acevedo.

## DISPOSITION

The judgment is affirmed.

---

[2] *People v. Marsden* (1970) 2 Cal.3d 118.